**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JOHN SCHNATTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 2018-0542-AGB |
| v. | ) | |
| | ) | |
| PAPA JOHN'S INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL ORDER

WHEREAS:

A.      On January 15, 2019, the court issued a Memorandum Opinion in which it ruled that Schnatter's entitlement to documents in this action would include privileged communications with one possible exception that the parties may have resolved and, in that regard, requested that the parties inform the court whether or not they had resolved Schnatter's request to obtain "documents involving communications with Akin Gump during the two-day period between July 13, 2018, when the firm was contacted to represent the yet-to-be-formed Special Committee, and the July 15 Meeting, when the Special Committee formally was established" (the "Special Committee Privilege Issue");[1] and

---

[1] Capitalized terms not defined herein have the same meaning as used in the Memorandum Opinion.

B.    On January 23, 2019, the parties informed the court that they had not resolved the Special Committee Privilege Issue and the court entered an order implementing its rulings in the Memorandum Opinion (the "January 23 Order");

NOW, THEREFORE, IT IS HEREBY ORDERED, this 25th day of February, 2019, that:

1.    Under Delaware law, a "director's right to information extends to privileged material. As a general rule, a corporation cannot assert the privilege to deny a director access to legal advice furnished to the board during the director's tenure. The rationale for this rule is that all directors are responsible for the proper management of the corporation, and thus, should be treated as a joint client when legal advice is rendered to the corporation through one of its officers or directors."[2]

2.    One "recognized limitation[] on a director's ability to access privileged information" is that "a board can act pursuant to 8 *Del. C.* § 141(c) and openly with the knowledge of [the excluded director] to appoint a special committee," in which case "communications with that counsel would [be] properly protected, at least to the extent necessary for the committee's ongoing work."[3]

---

[2] *Kalisman v. Friedman*, 2013 WL 1668205, at \*4 (Del. Ch. Apr. 17, 2013) (citations and internal quotation marks omitted).

[3] *Id.* at \*4-5 (internal quotation marks omitted).

2

3. The Special Committee Privilege Issue is very narrow. It concerns the production of documents involving privileged communications with Akin Gump responsive to Requests Nos. 1-4, as modified by the Memorandum Opinion, from the custodians specified in Paragraph 1(a) of the January 23 Order during a very brief period in anticipation of the contemplated formation of a special committee under 8 *Del. C.* § 141(c) that was intended to exclude Schnatter in order to investigate certain matters concerning him.

4. Akin Gump was retained to represent the Special Committee. There is no evidence that Schnatter ever regarded Akin Gump as the Company's or the Board's counsel or that Akin Gump ever regarded the Company or the Board as its client. Nor is there any evidence that Schnatter had any, let alone a reasonable, expectation that Akin Gump would be representing his interests, including his interests as a director of the Company.

5. Under these circumstances, Schnatter is not entitled to obtain any privileged documents responsive to Requests Nos. 1-4, as modified by the Memorandum Opinion, involving communications with Akin Gump between July 13, 2018 and the July 15 Meeting even if Schnatter was not aware during this period about the expected formation of the Special Committee.

6. This order constitutes the final order in this action.

/Chancellor/

3